Filed 11/27/24  P. v. Jones CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B330932 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. PA095729 |
| v. | |
| OTIS DON JONES, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

We affirm Otis Don Jones's four-year middle term sentence.

A jury convicted Jones of first degree residential burglary and found a nonaccomplice was present in the home during the crime. Jones entered the victims' garage one morning in December 2020 and then got in their car. He locked eyes with one of the victims, who was retired and who discovered Jones in the car with the engine on. Jones drove away in the car despite the victims' pleas to get out.

Jones does not challenge his conviction, so we shift to later proceedings. The trial and these later proceedings occurred in late May 2023.

At a bench trial on aggravating factors, the prosecution argued Jones's crimes were numerous and increasing in seriousness. The prosecutor noted the current offense was a strike offense. The court found beyond a reasonable doubt that Jones had many prior convictions. It found not true an allegation that Jones had served a prior prison term; the evidence on this issue was unclear.

The court asked if Jones wished to proceed to sentencing. He did. The court paused the proceedings to review the probation report.

Back on the record, the court said its finding regarding Jones's criminal history made him eligible for the high term. "But I don't think this is a high-term case" the court commented. "I think there might have been some mental health issues behind this. Although it is a strike, there was no violence involved; so I'm not inclined to impose high term. [¶] This looks more like a mid term case to me, but those are just my tentative thoughts." The court invited argument from the parties.

The prosecution had asked for the middle term based on Jones's criminal record and the serious and traumatizing nature of the case. After receiving the court's tentative, the prosecutor returned to Jones's history and said this factor alone made the middle term appropriate. Defense counsel argued for the lower term of two years, noting the prosecution had offered this before trial, pointing to Jones's respectful trial behavior and the "facts of this case" generally, and emphasizing this "strike" will follow him forever even with a low term sentence.

The court ruled as follows:

"So the Court has to analyze and compare the aggravating factors with the mitigating factors. Here I think the aggravating factors are the nature of the crime itself.

"It is a strike offense. Another aggravating factor are the numerous convictions the Court found, that the allegation of numerous convictions have been proven beyond a reasonable doubt. And even though I don't necessarily see a gradual increase or -- until this case, a big increase at all in the seriousness, there are numerous convictions. And that is a[n] aggravating factor, and so we have these aggravating factors.

"As far as the mitigating factors, the only ones that I could see are that there was no actual violence used. I mean, there was a potential of violence, but there's no actual violence utilized. And I think there might be an element of mental health issues here, but I say 'might be' because I haven't really heard evidence on that.

"But the aggravating factors in the Court's view outweigh the mitigating factors, not to the extent that a high term is appropriate; but I think to the extent that a mid term is

3

appropriate, I think to give a low term would require a different balance of those factors.

"So what the court is going to do is impose the mid term which, for this case, I believe, is four years."

Defense counsel did not object.

On appeal, Jones contends the trial court abused its discretion by selecting the middle term because it improperly considered the strike nature of his offense as an aggravating circumstance. He claims this was an impermissible dual use of facts that also contradicted the nonviolent nature of his crime.

Jones's reply brief concedes the prosecution's claim of forfeiture "has merit" but argues ineffective assistance of counsel nevertheless requires resentencing.

He is correct on the first point and incorrect on the second.

Jones forfeited his appellate challenge by not objecting or raising this discretionary sentencing issue at the trial court. (See *People v. Scott* (2015) 61 Cal.4th 363, 406 [absent an objection to the sentence at trial, a defendant may not assert appellate claims involving the trial court's failure to make or to articulate discretionary sentencing choices]; see also *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 (*Tilley*).)

Jones's attack on his trial counsel's performance fails because he did not establish prejudice.

A defendant claiming ineffective assistance of counsel must show deficient performance by counsel and prejudice. (See *Tilley*, *supra*, 92 Cal.App.5th at p. 778.) Establishing prejudice means showing a reasonable probability of a different result but for counsel's errors, based on record facts and not speculation. (*Ibid.*) Appellate courts may go straight to the issue of prejudice to dispose of an ineffectiveness claim. (*Ibid.*)

4

Jones failed to make the required showing.

The middle term is generally the presumptive term. (*People v. Codinha* (2023) 92 Cal.App.5th 976, 995.) From the outset, the trial court felt this term was the appropriate one here. This case lacked compelling evidence of mitigating circumstances. The probation report listed no mitigating factors and recommended the high base term. In the weighing of mitigating and aggravating circumstances, the mitigation side of the balance barely dropped. And on the other side, the court found beyond a reasonable doubt an aggravating factor that made Jones eligible for the *upper term*. (See *People v. Lynch* (2024) 16 Cal.5th 730, 742, 778 [upper term sentence may be based on one properly proved aggravating circumstance].) The court nevertheless determined the middle term was appropriate. The court's observation that Jones's crime was a strike was immaterial because the court neither enhanced Jones's sentence nor imposed an aggravated sentence. It imposed the presumptive term. The court was under no obligation to impose the low term where, as here, it found insufficient mitigating circumstances. Jones does not dispute the rules otherwise permitted the court to consider the nature of his crime, which involved the frightful taking of an elderly victim's car from his home in his presence. (See Cal. Rules of Court, rule 4.420(d) [in deciding between the middle and lower terms, the court may consider any factor reasonably related to the sentencing decision].)

It is not reasonably probable the trial court would have imposed the lower term had defense counsel objected to the court's observation about the strike nature of Jones's offense.

///

///

## DISPOSITION

We affirm the judgment.

                                      WILEY, J.

We concur:

STRATTON, P. J.

VIRAMONTES, J.